NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOMMY RAY VINSON, a married man, | No.    22-15907 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01077-SMB |
| v. | |
| GENERAL MOTORS COMPANY, a Delaware corporation; GENERAL MOTORS, LLC, a Delaware Corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted February 5, 2024[**]

Before:  O'SCANNLAIN, FERNANDEZ, SILVERMAN, Circuit Judges.

Vinson appeals pro se from district court orders denying his motion to extend discovery and granting General Motors' ("GM") motion for summary judgment.  Because the facts are known to the parties, we repeat them only as

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

necessary to explain our decision.

## I

A court may modify its discovery schedule "only for good cause." Fed. R. Civ. P. 16(b)(4). To show good cause, a movant must have diligently pursued discovery. *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002). Vinson has not shown that he diligently pursued discovery before the deadline. Thus, the district court did not abuse its discretion in denying his motion to extend discovery deadlines.

## II

Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A litigant asserting a disparate impact claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., "must demonstrate a statistical disparity affecting members of the protected group," *Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 1115 (9th Cir. 2014). GM presented evidence that employees over 40 made up a disproportionately lower percentage of those discharged when compared to the workforce preceding the layoffs. Vinson has not cited record evidence that genuinely disputes GM's evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012). The district

court did not err by granting summary judgment to GM on Vinson's ADEA claim.

## III

A plaintiff asserting a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., must show that he is disabled. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). Vinson has cited no record evidence that his diagnosis "substantially limit[ed] one or more major life activities." 42 U.S.C. § 12102(1)(A). GM presented evidence that Vinson could carry out all pre-disease activities without restriction. *See* 29 C.F.R. § 1630.2(j)(1)(iv); *Bragdon v. Abbott*, 524 U.S. 624, 657 (1998) (Rehnquist, C.J., concurring in part and dissenting in part). The district court did not err in granting summary judgment to GM on Vinson's ADA claims.

## IV

We deny GM's request for attorneys' fees because GM failed to file its request in a separate motion. Fed. R. App. P. 38; *Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 709 (9th Cir. 2004).

**AFFIRMED.  GM's motion for fees on appeal is DENIED.**